NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN MANUEL PEDRAZA
MADRIGAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-4312

Agency No.
A208-083-243

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025**
Pasadena, California

Before: GOULD and BENNETT, Circuit Judges, and EZRA, District Judge.***

Donovan Manuel Pedraza Madrigal, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals ("BIA") order adopting and affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Immigration Judge's ("IJ") order denying his application for withholding of removal and deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

When the BIA adopts and affirms the IJ's decision under *Matter of Burbano* while providing its own review, we review both the IJ and BIA decisions. *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citations omitted).

1. The BIA reasonably determined that Pedraza Madrigal's convictions constitute particularly serious crimes. Under 8 U.S.C. § 1252(a)(2)(B)(ii), we "lack jurisdiction over the BIA's ultimate determination that [the petitioner] committed a 'particularly serious crime.'" *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010). We may review a particularly serious crime determination only for an abuse of discretion and are "limited to ensuring that the agency relied on the 'appropriate factors' and 'proper evidence.'" *Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022) (citing *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We may not "reweigh the evidence" to reach our own determination about the crime's seriousness. *Id.*

Pedraza Madrigal has not demonstrated that the BIA failed to consider the

appropriate factors. "The factors to be considered are: (1) 'the nature of the conviction,' (2) 'the type of sentence imposed,' and (3) 'the circumstances and underlying facts of the conviction.'" *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007)).

Pedraza Madrigal does not directly address the first factor, and the BIA properly considered both the type of sentence and the circumstances and underlying facts of the conviction. The IJ considered the two-year prison sentence imposed for Pedraza Madrigal's robbery conviction. The IJ also considered Pedraza Madrigal's contention that there was no weapon involved in either crime, but found that Pedraza Madrigal pled guilty to using force or fear as an element of the robbery charge and to using a deadly weapon as an element of the assault charge. Based on these underlying facts, as well as others, the BIA determined that his criminal convictions constituted particularly serious crimes. To the extent that Pedraza Madrigal disagrees with the BIA's assignment of weight to certain underlying facts, we lack jurisdiction to review that argument. *See Hernandez*, 52 F.4th at 765.

2. The BIA was supported by substantial evidence in denying Pedraza Madrigal's application for deferral of removal under CAT. To qualify for CAT protection, a petitioner must demonstrate a "particularized threat of torture" and establish that he will more likely than not be tortured upon his removal to Mexico. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted).

The BIA determined that Pedraza Madrigal has not demonstrated a particularized, non-speculative threat of torture. The record here does not compel a contrary conclusion. Pedraza Madrigal argues that he would more likely than not face torture at the hands of his stepfather and that the BIA's finding that he could relocate within Mexico was not supported by substantial evidence. But the IJ found that Pedraza Madrigal has never been personally threatened by his stepfather; rather, they have had no contact since 2006. On this record, we cannot conclude that his stepfather has a continuing interest in him. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–1030 (9th Cir. 2019).

The IJ also concluded that, as Pedraza Madrigal's stepfather is a police officer in Michoacán, Pedraza Madrigal could safely relocate elsewhere in Mexico. Pedraza Madrigal argues that the government did not meet its burden to show that relocation would be reasonable. But the government does not bear the burden of demonstrating that relocation is possible. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc). And "in assessing eligibility for CAT relief, the agency must consider the possibility of relocation—without regard for the *reasonableness* of relocation." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022). Pedraza Madrigal thus does not raise a cognizable challenge to the BIA's finding that he could relocate.

Pedraza Madrigal argues, based on his country conditions evidence, that he is more likely than not to be tortured by Mexican police or drug cartels because of his status as a deportee or perceived American citizen and because of his gang-related tattoos. He contends the BIA failed to consider his country conditions evidence in determining otherwise. But the IJ expressly referenced the country conditions reports, and the BIA affirmed the IJ's rulings regarding Pedraza Madrigal's torture claims without any indication that it had not considered all the record evidence. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).

The country conditions evidence does not compel the conclusion that Pedraza Madrigal is more likely than not to be tortured. Pedraza-Madrigal submitted generalized evidence of kidnapping, forced recruitment, and harassment of deported Mexicans by Mexican drug cartels and police. But even kidnappings do not always rise to the level of torture, which is "reserved for extreme cruel and inhuman treatment that results in severe pain and suffering." *Tzompantzi-Salazar*, 32 F.4th at 706. Nor does Pedraza Madrigal's evidence show that Mexican deportees suffer harm frequently enough to compel the conclusion that Pedraza Madrigal will more likely than not be tortured. *Id.* at 705.

As for his tattoo-based claim, even if Pedraza Madrigal could show that individuals with identifiable gang tattoos are more likely than not to be tortured by the police or drug cartels, the IJ found that Pedraza Madrigal did not establish that

23-4312

anyone in Mexico would perceive his tattoos as gang-affiliated. Pedraza Madrigal does not respond to this finding and there is no evidence in the record that individuals with American gang tattoos are at risk of torture. We thus cannot conclude that Pedraza-Madrigal faces a particularized risk of torture.

**PETITION DENIED.**